**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 26-cv-00302-RMR

BASIM ALI ISMAIL BELOUR,

  Petitioner,

v.

TODD M. LYON, Denver Acting Director,
GEORGE VALDEZ, Denver Field Director, and
JUAN BALTAZAR, Aurora ICE D.C. Warden,

  Respondents.

---

## ORDER

---

Pending before the Court is Petitioner Basim Ali Ismail Belour's ("Mr. Belour" or "Petitioner") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1. Respondents filed a Response to the Petition, ECF No. 17, and Petitioner did not file a reply. The Court has reviewed the Petition, the related briefing, and the applicable case law. For the reasons stated below, the Petition, ECF No. 1, is GRANTED.

## I.  BACKGROUND

Petitioner is a native and citizen of Sudan. ECF No. 17-1 ¶ 4. Petitioner was admitted to the United States as a refugee on September 28, 2005. *Id*. at ¶ 5. Since his entry, he has been convicted of several crimes in the United States. *Id*. at ¶ 6. From 2007 to 2017, he was convicted of; Driving Under the Influence, Use or Possession of Drug Paraphernalia, Giving False Personal Identity to a Peace Officer (on two occasions),

Failing to Stop at Command of Law Enforcement, Unlawful Possession, Purchase, or Transport of a Dangerous Weapon, Attempted Possession or Use of a Controlled substance (Methamphetamine) and on numerous occasions, Possession or Use of a Controlled Substance including but not limited to, methamphetamine, marijuana, methadone, and heroin. *Id.*

On January 21, 2018, upon Petitioner's release from state custody, ICE officers arrested and detained him pending removal proceedings. *Id*. at ¶ 8. DHS issued a Notice to Appear ("NTA") on January 22, 2018, and charged Petitioner with being deportable from the United States pursuant 8 U.S.C. § 1227(a)(2)(B)(i) (any alien who at any time after admission is convicted of a violation of any law or regulation of a State, the United States, or a foreign country relating to a controlled substance). *Id*. at ¶ 9. Petitioner appeared before the Immigration Judge ("IJ") on March 7, 2018, admitted the allegations, and conceded the charge of removal in the NTA. *Id*. at ¶ 10. The IJ sustained the charge of removal and designated Sudan as the country of removal. *Id.* On March 19, 2018, Petitioner filed a Form I-485, Application to Register Permanent Residence or Adjust Status and a Form I-602, Application for waiver of Ground of Excludability due to his criminal history. *Id*. at ¶ 11. On April 4, 2018, Petitioner filed a Form I-589, Application for Asylum and for Withholding of Removal. *Id*. at ¶ 12. Petitioner's Form I-602, Form I-485, and Form I-589 were denied. *Id*. at ¶¶ 13, 14.

On April 11, 2019, Petitioner's removal order to Egypt or, in the alternative, to Sudan became administratively final. *Id.* ¶ 14. Immigration and Customs Enforcement ("ICE") was unable to secure a travel document to Sudan and on February 10, 2020, ICE

released Petitioner from custody on an order of supervision ("OSUP"). *Id.* at ¶ 17. After his release in 2020, Petitioner was convicted of multiple additional crimes, including; Possession or Use of a Controlled Substance, Distribution of a Controlled Substance in a Drug Free Zone, and Possession with Intent to Distribute a Controlled Substance.

On March 2, 2025, Petitioner was arrested by the Salt Lake Police Department on several charges and on March 6, 2025, ICE took custody of Petitioner pursuant to 8 U.S.C. § 1231 to effectuate his removal from the United States. *Id*. at ¶¶ 18-20. ICE submitted a travel document request to the government of Sudan on behalf of Petitioner on April 4, 2025, and the government of Sudan issued a travel document for Petitioner on April 25, 2025. *Id*. at ¶ 22-23. ICE determined on May 14, 2025, that the travel itinerary for Petitioner's removal was no longer viable due to country conditions in Sudan. *Id*. at ¶ 25. On June 2, 2025, ICE conducted a Post Order Custody review pursuant to 8 U.S.C. § 241.4 and determined that Petitioner did not satisfy the criteria for release. *Id*. at ¶ 26. By August 10, 2025, ICE scheduled Petitioner for removal via a Special High-Risk Charter flight. *Id.* at ¶ 27. ICE transferred Petitioner to an immigration facility in Louisiana for staging for removal on August 11, 2025, but ICE did not execute Petitioner's removal. *Id*. at ¶¶ 28, 29.

On October 21, 2025, Petitioner was transferred back to the detention facility in Aurora, where ICE "continues to monitor country conditions in Sudan to determine an optimal time to effectuate Petitioner's removal." *Id*. at ¶ 30. Petitioner remains detained pending removal from the United States. *Id*. at ¶ 32.

## II.    LEGAL STANDARD

### A.    Habeas Corpus Relief

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus proceedings under 28 U.S.C. § 2241 "remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Singh v. Choate*, No. 23-cv-02069-CNS, 2024 WL 309747, at *1 (D. Colo. Jan. 26, 2024) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("*Zadvydas*")); *see also Hernandez-Ceren v. Wolf*, No. 20-cv-01628-RM, 2020 WL 3036074, at *1 (D. Colo. June 6, 2020) ("[A] person subject to removal is in custody for habeas purposes.").

The writ of habeas corpus is designed to challenge "the fact or duration" of a person's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "In other words, habeas corpus, and thus § 2241, offers detainees release from custody when the very fact that they are detained, or detained for a certain length of time, is unlawful." *Codner v. Choate*, No. 20-cv-01050-PAB, 2020 WL 2769938, at *4 (D. Colo. May 27, 2020).

### B.    Post-Removal Detention Under § 1231

Two sections of the Immigration and Nationalization Act ("INA") authorize detention—8 U.S.C. § 1226, which concerns noncitizens who are not yet subject to a removal order, and 8 U.S.C. § 1231, which operates in the post-removal context. Petitioner is detained pursuant to § 1231. Under § 1231, "when a [noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days." § 1231(a)(1). The noncitizen must be detained during this initial 90-

day timeframe, *see* § 1231(a)(2), which is "referred to as the 'removal period,'" § 1231(a)(1)(A). If the noncitizen "does not leave or is not removed within the removal period," then he or she is normally subject to supervised release. § 1231(a)(3). However, certain categories of noncitizens who have been ordered removed—including inadmissible or criminal noncitizens, or noncitizens whom the Attorney General has determined are a risk to the community or are unlikely to comply with the removal order "may be detained beyond the removal period." § 1231(a)(6). The text of the INA does not contain an express limit on the duration a noncitizen may be detained under its authority.

### III.    ANALYSIS

#### A.    Petitioner's Detention has surpassed the Presumptively Reasonable *Zadvydas* Period

Petitioner argues that his detention violates the standards set by the Supreme Court in *Zadvydas* and that Respondents must now come forth with evidence that his removal is significantly likely in the reasonably foreseeable future. ECF No. 1 at 10-11. It is undisputed that Petitioner's detention under § 1231 has exceeded the presumptively reasonable six-month period to effect his removal. *See* ECF No. 17 at 8 ("Petitioner's detention has surpassed the six-month mark.)

In *Zadvydas*, the Supreme Court held that § 1231(a)(6) "does not permit indefinite detention," although the statute does not specify a time limit on how long the DHS may detain a noncitizen in the post-removal period. *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). Rather, "in light of the Constitution's demands," a noncitizen may be detained only for "a period reasonably necessary to bring about that [noncitizen's] removal from the United States." *Id*.; *accord Johnson v. Arteaga-Martinez*, 596 U.S. 573, 579 (2022). The

Supreme Court reasoned that "Congress previously doubted the constitutionality of detention for more than six months" and recognized six months as presumptively reasonable. *Zadvydas*, 533 U.S. at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence to rebut that showing." *Id.* "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. This Court holds that Petitioner has been held in ICE custody far beyond the presumptively reasonable 6-month *Zadvydas* period.

**B.    Respondents do not Show Removal is Significantly Likely in the Reasonably Foreseeable Future.**

Since this Court determined that Petitioner has been detained beyond the presumptively reasonable time period outlined in *Zadvydas*, the burden first shifts to Petitioner to provide good reason to believe that there is "no significant likelihood of removal in the reasonably foreseeable future" and then to Respondents to "furnish evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 680.

It is undisputed that "due to country conditions in Sudan, Petitioner's removal cannot be effectuated at this time." ECF No. 17 at 9. Thus, the Court has good reason to believe that Petitioner will not be removed to his native country in the reasonably foreseeable future. Accordingly, Petitioner has satisfied his burden under *Zadvydas. See e.g., Aguilar v. Noem*, No. 25-CV-03463-NYW, 2025 WL 3514282, at *4 (D. Colo. Dec. 8, 2025) ("Courts have found this burden satisfied where, for example, a habeas petitioner shows that some impediment precludes removal to their country of origin."); *see also*

6

*Ahrach v. Baltazar*, No. 25-cv-03195-PAB*,* 2025 WL 3227529, at *4 (D. Colo. Nov. 19, 2025) (finding that petitioner met her burden where petitioner had been detained for over six months and only effort made by respondents to remove petitioner was to solicit acceptance from other countries). Since Petitioner meets his initial burden, the burden shifts to Respondents to submit evidence sufficient to rebut that showing. *Zadvydas*, 533 U.S. at 701.

Respondents indicate that Petitioner "remains a priority for removal" and that "ICE is in possession of a valid travel document for Petitioner for removal to his native country, Sudan," but "due to country conditions in Sudan, Petitioner's removal cannot be effectuated at this time." ECF No 17 at 8-9. Without more, this is not enough to Meet Respondents' burden as the Supreme Court has rejected the proposition that continued detention is lawful "as long as good faith efforts to effectuate . . . deportation continue." Zadvydas, 533 U.S. at 702. Therefore, this Court ordered Respondents' to provide an update regarding all efforts to remove petitioner and whether or not Sudan or any other county will accept Petitioner. ECF No. 20. Respondents indicate in their Response to this Courts Order to Show Cause that "Respondents do not have any additional information regarding removal efforts to provide at this time." ECF No. 22 at 2. Thus, it appears that Respondents have not made any progress in removing petitioner to Sudan and have not made any effort towards removal to a third Country.

Therefore, the only evidence Respondents' put forth that Petitioner's removal is significantly likely in the reasonably foreseeable future is the bare assertion that Petitioner, "remains a priority for removal," and this is insufficient to satisfy Respondents'

burden. See. e.g., *Aguilar v. Noem*, No. 25-CV-03463-NYW, 2025 WL 3514282, at \*6 (D. Colo. Dec. 8, 2025) ("Respondents' bare assertions that ICE is 'pursu[ing] third country removal options' are insufficient to meet Respondents' burden to put forth evidence sufficient to rebut Petitioner's showing.") (citing to *Balouch v. Bondi*, No. 9:25-cv-00216-MJT, 2025 WL 2871914, at \*3 (E.D. Tex. Oct. 9, 2025)); *Chennah v. Baltazar*, No. 1:26-CV-00112-CNS, 2026 WL 179951, at \*3 (D. Colo. Jan. 23, 2026) ("Numerous courts have persuasively rejected such equivocated, conclusory justifications for continued detention."); *Elsayed v. Baltazar*, No. 26-CV-01711-PAB, 2026 WL 1261947, at \*3 (D. Colo. May 7, 2026) ("respondents contention that they are working...to select a third country for removal is an unsubstantiated assertion that is insufficient to satisfy their burden)(internal quotations omitted").

## IV.    CONCLUSION

For the reasons set forth above, the Court GRANTS Petitioner's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1. Respondents are ORDERED to release Petitioner from custody immediately, but no later than within 24 hours of this Order, and may impose on Petitioner reasonable conditions of release or supervision. Additionally, Respondents SHALL FILE a status report within TWO DAYS of this Order certifying compliance. Because the Court's ruling affords Petitioner the relief he seeks, the Court need not address Petitioner's remaining arguments at this time.

DATED: June 10, 2026

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge